Carolyn H. Cottrell (SBN 166977)
Caroline N. Cohen (SBN 278154)
Andrew D. Weaver (SBN 318935)
Heather G. Fuchs (SBN 335561)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
ccohen@schneiderwallace.com
aweaver@schneiderwallace.com
hfuchs@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTELA BARAJAS DE BOTELLO, on behalf of herself and the putative Class Members; | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | (1) Failure to Pay Minimum Wages for All Hours Worked (Labor Code §§ 1182.11, 1182.12, 1194, 1197, 1197.1 and 1198); |
| BORAL STONE PRODUCTS, LLC NOW DOING BUSINESS AS WESTLAKE ROYAL STONE, LLC; and DOES 1-100, inclusive; | (2) Failure to Pay Overtime Wages (Labor Code § 510); |
| Defendants, | (3) Failure to Provide and/or Make Available Meal Periods (Labor Code §§ 226.7 and 512); |
| | (4) Failure to Authorize and Permit Rest Periods (Labor Code § 226.7); |
| | (5) Failure to Reimburse Business Expenses (Labor Code § 2802); |
| | (6) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code §§ 226, 226.3 and 226.6); |
| | (7) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |
| | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff Estela Barajas De Botello ("Plaintiff") brings this action on behalf of herself and other similarly situated individuals against Westlake Royal Stone, LLC ("Westlake Royal Stone") now doing business as Boral Stone Products, LLC ("Boral Stone") ("Defendants"), for violations of California wage and hour laws.

2.     This action stems from Defendants' policies and practices of: (1) failing to pay Plaintiff and putative Class Members minimum wage for all hours worked; (2) failing to pay Plaintiff and putative Class Members overtime wages; (3) failing to provide or make available to Plaintiff and putative Class Members the meal periods to which they are entitled by law, and failing to pay premium compensation payment for non-compliant meal breaks; (4) failing to authorize and permit rest periods, and failing to pay premium compensation payment for non-compliant rest periods; (5) failing to reimburse Plaintiff and putative Class Members for business expenses; (6) failing to provide Plaintiff and putative Class Members with accurate, itemized wage statements; and (7) and engaging in unfair business practices.

3.     Plaintiff seeks damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, as well as other relief requested herein.

## PARTIES

4.     Plaintiff Estela Barajas De Botello is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

5.     Plaintiff has been employed by Defendants for various projects as a production specialist from January 2004 to present. Plaintiff works for Defendants in American Canyon, California.

6.     Plaintiff is informed, believes, and thereon alleges that Westlake Royal

Stone is a Delaware corporation headquartered in Roswell, Georgia. Westlake Royal Stone is registered to do business in California, does business in California and employs and/or employed hourly, non-exempt employees, including Plaintiff and the putative Class Members in California. Westlake Royal Stone may be served with process by serving its registered agent, National Registered Agents, Inc., 330 N Brand Blvd, Ste 700, Glendale, California 91203.

7.      Plaintiff is informed, believes, and thereon alleges that Boral Stone was a Delaware corporation headquartered in Roswell, Georgia. Boral Stone was registered to do business in California, did business in California and employed hourly, non-exempt employees, including Plaintiff and putative Class Members in California. Boral Stone may be served with process by serving its registered agent, National Registered Agents, Inc., 330 N Brand Blvd, Ste 700, Glendale, California, 91203.

8.      Defendants employ and/or employed Plaintiff and putative Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Class Members.

9.      Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

10.      Plaintiff is informed, believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, Defendants, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

11.     At all relevant times, Defendants, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

12.     Plaintiff is informed, believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

13.     At all material times, Defendants have done business under the laws of California, have had places of business in California, including in this judicial district, and have employed putative Class Members in this District and elsewhere throughout California. Defendants are "persons" as defined in Labor Code § 18 and an "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

## JURISDICTION AND VENUE

14.     This Court has original federal jurisdiction under 28 U.S.C. § 1332. Plaintiff seeks damages in an amount that exceeds $75,000.00 and the matter in controversy is between citizens of different States. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

15.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff was employed in this District and the claims asserted arose in this District. At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

## FACTUAL ALLEGATIONS

16.    Upon information and belief, Boral Stone is a nationwide manufacturer of cultured stone veneer products. Boral Stone amended its name to Westlake Royal Stone, LLC on March 11, 2022. This name change was filed with the California Secretary of State on March 11, 2022. On information and belief, the company previously named Boral Stone and now named Westlake Royal Stone continues to operate Boral Stone's California location in American Canyon, California. Additionally, Westlake Royal Stone has two other California locations in San Marcos and Perris. Plaintiff is informed, believes, and thereon alleges that Westlake Royal Stone employs hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California.

17.    Plaintiff has worked for Defendants as a production specialist in American Canyon, California from January 2004 to present. Plaintiff is classified as an hourly, non-exempt employee and is paid an hourly rate of $20.88.

18.    Plaintiff is informed, believes, and thereon alleges that Defendants employ and have employed hundreds of hourly, non-exempt workers similarly situated to Plaintiff in California, including but not limited to, production specialist, production coordinator, production worker, forklift operator, machine operator, maintenance mechanic, and other employees with similar job duties.

19.    Although Plaintiff's shifts vary in length, Plaintiff usually works between approximately eight (8) to twelve (12) hours or more per shift, for approximately five (5) or six (6) shifts per week. Plaintiff's weekly hours varied, but on average, Plaintiff worked approximately forty (40) hours per week, or more. Such time is exclusive of all time worked off-the-clock, as alleged herein.

20.    Defendants routinely require Plaintiff and putative Class Members to perform work off-the-clock and without compensation. This includes but is not limited to Defendants requiring Plaintiff and putative Class Members to wait in line,

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Barajas De Botello et al.v. Boral Stone Products, LLC, et al.*

undergo temperature checks and answer COVID-19 screening questions prior to clocking in for the start of their shift. It takes Plaintiff and putative Class Members at least approximately one minute and often longer to go through the line, undergo such temperature checks, and answer the COVID-19 screening questions before being permitted to clock in for the beginning of each shift. Defendants require Plaintiff and putative Class Members doff their protective gear off-the-clock after clocking out for meal breaks. It takes Plaintiff and putative Class Members approximately at least two to three minutes and often longer to doff their mask, gloves, apron, helmet, and glasses. Additionally, Defendants required that Plaintiff and putative Class Members get tested for COVID-19 while off-the-clock and did not record or pay them for their time spent driving to and from COVID-19 testing sites or the time spent being tested for COVID-19. This time spent in temperature check lines, undergoing temperature checks, answering COVID-19 screening questions, doffing protective gear during meal breaks, traveling to undergo COVID-19 tests, and the time spent undergoing COVID-19 tests goes unrecorded and therefore uncompensated.

21.    As a result of these policies and/or practices, Plaintiff and putative Class Members are denied compensation for all hours worked, including minimum wages and overtime, which they are lawfully owed resulting from the off-the-clock work in excess of eight (8) hours per day and forty (40) hours per week.

22.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these "temperature check," "COVID-19," and doffing protocols, policies, and practices across all Defendants' facilities throughout California.

23.    Plaintiff is informed, believes, and thereon alleges that Defendants utilize the same or substantially similar timekeeping mechanisms and unlawful compensation protocols throughout all its facilities in California.

24.    Defendants' common course of wage-and-hour abuse also includes routinely failing to maintain accurate records of the hours worked by Plaintiff and

putative Class Members. In particular, Defendants have failed to record all hours worked by Plaintiff and putative Class Members, including overtime.

25.    Defendants regularly fail to provide Plaintiff and putative Class Members with full, uninterrupted, or otherwise compliant meal and rest breaks, yet Defendants do not provide Plaintiff and putative Class Members with premium pay for short, interrupted, or otherwise non-compliant meal and rest breaks. Plaintiff and putative Class Members are routinely denied compliant meal breaks because Defendants require that they doff their protective gear after clocking out for meal breaks. It takes Plaintiff and putative Class Members approximately two to three minutes to remove their masks, gloves, apron, helmet, and glasses.

26.    In addition, for each day Plaintiff and putative Class Members work shifts of more than ten hours, Defendants systematically deny Plaintiff and putative Class Members Employees with a full, uninterrupted, or otherwise compliant second meal break using the same policies and practices that deny Plaintiff and putative Class Members their initial meal breaks as outlined above. Similarly, Plaintiff and putative Class Members do not receive requisite premium payments for these missed second meal breaks.

27.    Further, Plaintiff and putative Class Members are routinely denied compliant rest breaks. Plaintiff and putative Class Members do not receive compliant rest breaks because they are required to don and doff their protective gear during rest breaks. It takes Plaintiff and putative Class Members approximately two to three minutes to don their protective gear and approximately two to three minutes to doff their protective gear. As stated above, protective gear includes a mask, gloves, apron, helmet, and glasses.

28.    Defendants fail to provide Plaintiff and putative Class Members reimbursement for all necessary expenditures or losses incurred by Plaintiffs and putative Class Members in direct consequence of the discharge of their duties, or as

a result of their obedience to the directions of Defendants. Defendants require Plaintiff and putative Class Members to launder their uniform at home, drive to and from COVID-19 testing, and purchase COVID-19 tests. Defendants did not reimburse Plaintiff and putative Class Members for such expenses.

29.     Defendants' failure to record all hours worked also results in a failure to provide putative Class Members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provides are not accurate because they do not reflect payment for all hours worked, including minimum wage and overtime compensation, and premium pay for missed meal and rest breaks.

30.     On information and belief, putative Class Members report to facilities owned, operated, or managed by Defendants to perform their jobs.

31.     On information and belief, putative Class Members perform their jobs under Defendants' supervision using materials and technology approved and supplied by Defendants.

32.     On information and belief, putative Class Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.

33.     On information and belief, at the end of each pay period, putative Class Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

34.     On information and belief, Defendants pay putative Class Members on an hourly rate basis.

35.     On information and belief, Defendants' method of paying Plaintiff and putative Class Members is willful and not based on a good faith and reasonable belief that their conduct complied with California law.

36.     On information and belief, Defendants' unlawful conduct has been

1   widespread, repeated, and consistent throughout Defendants' California facilities.

2   37. Defendants know or should know that their policies and practices are
3   unlawful and unfair.

4   38.   Defendants' conduct is willful, carried out in bad faith, and causes
5   significant damages to non-exempt hourly employees in an amount to be determined
6   at trial.

7   ## RULE 23 CLASS ACTION ALLEGATIONS

8   39.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though
9   fully set forth herein.

10   40.   Plaintiff brings this case as a class action on behalf of herself and all
11   others similarly situated pursuant to Federal Rule of Civil Procedure 23.  The putative
12   Class that Plaintiff seeks to represent is defined as follows:

13   **All current and former hourly, non-exempt employees of**
14   **Boral Stone Products, LLC, now doing business as**
15   **Westlake Royal Stone, LLC, throughout California**
16   **during the time period starting four years prior to the**
17   **filing of this Complaint until the resolution of this action**
18   **("the putative Class").**

19   41.   This action has been brought and may properly be maintained as a class
20   action under Rule 23 because there is a well-defined community of interest in the
21   litigation and the putative class is ascertainable.

22   a.   **Numerosity**: The potential members of the putative Class as defined are
23   so numerous that joinder of all the members of the putative Class is
24   impracticable.

25   b.   **Commonality**: There are questions of law and fact common to Plaintiff
26   and the putative Class that predominate over any questions affecting only
27   individual members of the putative Class.  These common questions of

28

law and fact include, but are not limited to:

i.   Whether Defendants fail to compensate putative Class Members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Order 1;

ii.  Whether Defendants have a policy and/or practice of requiring putative Class Members to be in the control of Defendants, spend time primarily for the benefit of Defendants, and work for Defendants off-the-clock and without compensation;

iii. Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with compliant periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 1;

iv.  Whether Defendants fail to authorize and permit, make available, and/or provide putative Class Members with compliant rest periods to which they are entitled in violation of Cal. Lab. Code and Wage Order 1;

v.   Whether Defendants fail to fully reimburse Class Members with all necessary business expenses incurred for the benefit of Defendants, in violation of the Labor Code;

vi.  Whether Defendants fail to provide putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Order 1;

vii. Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:

(a) failing to compensate putative Class Members for all hours worked, including at minimum wages and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Barajas De Botello et al.v. Boral Stone Products, LLC, et al.*

overtime compensation;

(b) failing to authorize and permitted, make available, and/or provide putative Class Members with compliant meal and rest periods to which they are entitled;

(c) failing to fully reimburse Plaintiff and putative Class Members for all necessary business expenses made for the benefit of Defendants;

(d) failing to provide putative Class Members with timely, accurate itemized wage statements.

viii. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the putative Class as alleged herein.

c. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class Members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d. **Adequacy of Representation**: Plaintiff is a member of the putative Class, does not have any conflicts of interest with other putative Class Members, and will prosecute the case vigorously on behalf of the putative Class. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

e. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all putative Class Members is not practicable, and

1    questions of law and fact common to the putative Class predominate over

2    any questions affecting only individual members of the putative Class.

3    Each putative Class member has been damaged and is entitled to

4    recovery by reason of Defendants' illegal policies and/or practices. Class

5    action treatment will allow those similarly situated persons to litigate

6    their claims in the manner that is most efficient and economical for the

7    parties and the judicial system.

8    42.    The putative Class may also be certified because the prosecution of

9    separate actions by the individual members of the putative Class would create a risk

10   of inconsistent or varying adjudication with respect to individual members of the

11   putative Class, and, in turn, would establish incompatible standards of conduct for

12   Defendants.

13   43.    If each individual putative Class member were required to file an

14   individual lawsuit, Defendants would necessarily gain an unconscionable advantage

15   because Defendants would be able to exploit and overwhelm the limited resources of

16   each member of the putative Class with Defendants' vastly superior financial legal

17   resources.

18   44.    Requiring each individual putative Class member to pursue an individual

19   remedy would also discourage the assertion of lawful claims by the putative Class

20   Members who would be disinclined to pursue these claims against Defendants

21   because of an appreciable and justifiable fear of retaliation and permanent damage to

22   their lives, careers, and well-being.

23   **<u>FIRST CAUSE OF ACTION</u>**

24   **Failure to Pay Minimum Wages for All Hours Worked**
**Pursuant to California Labor Code §§ 1182.12, 1194, 1197, 1197.1 and 1198**
25   **(On Behalf of Plaintiff and Putative Class Against All Defendants)**

26   45.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though

27   fully set forth herein.

28

46.    During the applicable statutory period, California Labor Code §§, 1182.12 and 1197, and the IWC Wage Order No. 1-2001(4) were in full force and effect, and required that Defendants' hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other basis,; at the rate of eleven dollars ($11.00) per hour commencing January 1, 2018; at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019; at the rate of thirteen dollars ($13.00) per hour commencing January 1, 2020; at the rate of fourteen dollars ($14.00) commencing January 1, 2021; and at the rate of fifteen dollars ($15.00) commencing January 1, 2022.

47.    Labor Code § 1197.1 provides, in relevant part:

> (a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission, shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

48.    California Labor Code §1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

49.    IWC Wage Order 1-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

50.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

51.    Labor Code §1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

52.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class Members for all hours worked, including minimum wage, or spent in Defendants' control. Defendants require Plaintiff and putative Class Members to work off-the-clock without compensation.  In other words, Plaintiff and putative Class Members are forced to perform work for the benefit of Defendants without pay.

53.    Plaintiff and putative Class Members are denied minimum wage and overtime compensation, which they are lawfully owed pursuant to California Labor Code § 1182.12. California's hourly minimum wage for employers with twenty-six (26) or more employees is currently $15.00 effective January 1, 2022.

54.    Defendants regularly require Plaintiff and the putative Class Members to complete work off-the-clock, without compensation. For instance, and as mentioned

above, on information and belief, Defendants instruct Plaintiff and putative Class Members to wait in line, go through temperature checks, answer COVID-19 screening questions *before* the beginning of each shift, *i.e.*, before clocking in. It takes Plaintiff and putative Class Members at least one minute and often longer to go through the temperature check line, undergo such temperature checks, and answer the COVID-19 screening questions before their shift starts. Defendants do not compensate Plaintiff and putative Class Members for their time spent in temperature check lines, undergoing temperature checks, and answering COVID-19-related questions.

55.    Additionally, as mentioned above, Defendants require that Plaintiff and putative Class Members doff their protective gear off-the-clock right after clocking out for their meal breaks. Plaintiff and putative Class Members spend approximately 2 to 3 minutes taking off a mask, gloves, apron, helmet, and glasses.

56.    Additionally, as mentioned above, Defendants require that Plaintiff and putative Class Members drive to and from COVID-19 testing and get tested for COVID-19. Defendants require that Plaintiff and putative Class Members do this on their own time and without clocking in. Defendants do not compensate Plaintiff and putative Class Members for their time spent commuting to and from COVID-19 testing and the time spent waiting for and undergoing COVID-19 tests.

57.    As a result, Defendants fail to track Plaintiff and putative Class Members' actual hours worked, and consequently fail to pay Plaintiff and putative Class Members for all hours worked, including minimum wage.   In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and putative Class Members with at least minimum wage compensation for all time worked.

58.    Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff

and putative Class Members' rights. Plaintiff and putative Class Members are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

59.    Defendants have maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage.

60.    As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and putative Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

61.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages**
**Pursuant to Labor Code § 510**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

62.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

63.    Defendants do not compensate Plaintiff and putative Class Members with the appropriate overtime rate, as required by California law.

64.    Labor Code § 510 provides, in pertinent part, that:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

65.    The IWC Wage Order 1-2001(3)(A)(1)state:

The following overtime provisions are applicable … employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

66.    Labor Code § 1194(a) provides that:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

67.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

68.    Defendants regularly do not compensate Plaintiff and putative Class Members for their overtime hours. For instance, Plaintiff and putative Class Members do not receive overtime compensation for time spent waiting in temperature check lines, undergoing temperature checks, answering COVID-19 screening questions, doffing their protective gear during meal breaks, driving to and from COVID-19 testing, and time spent waiting and undergoing COVID-19 tests when the hours worked are in excess of eight (8) hours per day and forty (40) hours per week.

69.    Plaintiff and putative Class Members work overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

70.    Defendants have knowingly and willfully refused to perform their obligation to provide Plaintiff and putative Class Members with premium wages for all overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and putative Class Members in amounts to be determined according to proof at time of trial.

71.    Defendants are liable to Plaintiff and putative Class Members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

72.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION

**Failure to Provide and/or Make Available Meal Periods Pursuant to Labor Code §§ 226.7 and 512**
**(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

73.    Plaintiff re-alleges and incorporates the foregoing paragraphs at though fully set forth herein.

74.    Defendants routinely fail to provide or make available complaint meal

periods to Plaintiff and putative Class Members.

75. Plaintiff's and Class Members' schedules regularly prevent them from taking first meal periods, and, when applicable second meal periods throughout the day. Plaintiff and Class Members do not receive the requisite premium pay for their missed meal breaks as required by California law

76. Labor Code §§ 226.7 and 512 and the applicable Wage Order require Defendants to provide or make available meal periods to its employees. Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty minutes.

77. Unless the employee is relieved of all duty during the thirty-minute meal period, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Order 1-2001(11)(C).

78. Under Labor Code § 226.7(b) and the applicable Wage Order, an employer who fails to provide or make available a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided or made available.

79. Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and putative Class Members the ability to take the off-duty meal periods to which they are entitled.

80. Defendants have also failed to pay Plaintiff and putative Class Members one (1) hour of pay for each day an off-duty meal period was denied. Defendants' conduct described herein violates Labor Code §§ 226.7 and 512. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and putative Class Members are entitled to

compensation for the failure to provide or make available meal periods, plus interest, attorneys' fees, expenses and costs of suit.

81.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

82.    Wherefore, Plaintiff and putative Class Members request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

**Failure to Authorize and Permit Rest Periods Pursuant to Labor Code § 226.7 (On Behalf of Plaintiff and the Putative Class Against All Defendants)**

83.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

84.    Defendants routinely fail to authorize and permit rest periods to Plaintiff and putative Class members.

85.    Under Labor Code § 226.7(b) and IWC Wage Order 1-2001(12)(B), an employer who fails to provide or make available a required rest period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period was not provided or made available.

86.    Despite these requirements, Defendants have knowingly and willfully refused to perform their obligations to provide or make available to Plaintiff and putative Class Members the ability to take the off-duty rest periods to which they are entitled.

87.    Defendants have also failed to pay Plaintiff and putative Class Members one (1) hour of pay for each day an off-duty rest period was denied. Defendants' conduct described herein violations Labor Code § 226.7. Therefore, pursuant to Labor Code § 226.7(b), plaintiff and putative Class Members are entitled to

compensation for the failure to authorize and permit rest periods, plus interest, attorneys' fees, expenses and costs of suit.

88.    As a proximate result of the aforementioned violations, Plaintiff and putative Class Members have been damaged in an amount according to proof at time of trial.

89.    Wherefore, Plaintiff and the putative Class Members request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

**Failure to Reimburse for Necessary Business Expenses
Pursuant to Labor Code § 2802
(On Behalf of Plaintiff and the Putative Class Against All Defendants)**

90.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

91.    Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

92.    Defendants require Plaintiff and putative Class members to launder their own uniforms at home and to drive themselves to and from COVID-19 testing. Defendants do not reimburse Plaintiff and putative Class Members for such expenses. As a proximate result of the aforementioned violation, Plaintiff and putative Class Members have been damages in an amount according to proof at time of trial. Plaintiff and the putative Class Members are also entitled to recover penalties, interest, attorney' fees, expenses, costs of suit, and/or other relief pursuant to statute.

93.    Wherefore, Plaintiff and the putative Class members request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code §§ 226, 226.3 and 226.6**
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

94.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

95.    Defendants do not provide Plaintiff and putative Class Members with accurate itemized wage statements as required by California law.

96.    Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at

the place of employment or at a central location within the State of California.

97.    The IWC Wage Orders also establishes this requirement.   (See IWC Wage Order  1-2001(7)(B).

98.    Labor Code § 226.3 provides, in relevant part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

99.    Labor Code 226.6 provides, in relevant part:

> Any employer who knowingly and intentionally violates the provisions of Section 226, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.

100.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees.

101. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class Members in accordance with Labor Code § 226(a) and

the IWC Wage Order.  The wage statements Defendants provide their employees, including Plaintiff and putative Class Members, do not accurately reflect all hours actually worked, actual gross wages earned and/or actual net wages earned, including minimum wages and overtime, as a result of the failure to pay for time worked off-the-clock and the resulting violations described herein.

102.   Defendants are liable to Plaintiff and the putative Class Members for the amounts described above in addition to the civil penalties set forth below, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

103.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff and Putative Class Against All Defendants)**

104.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

105. The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

106.  Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

107. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

108. Beginning at an exact date unknown to Plaintiff, but at least since the

date four years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

        a.  violations of Labor Code §§ 225.5, 1182.12, 1194, 1197, 1197.1, 1198 and IWC Wage Order 1-2001 pertaining to payment of wages, including minimum wage, for all hours worked;

        b.  violations of Labor Code § 510 and IWC Wage Order 1-2001 pertaining to overtime;

        c.  violations of Cal. Lab. Code §§ 226.7 and 512 and Wage Order 1-2001 pertaining to meal breaks;

        d.  violations of Cal. Lab. Code § 226.7 and Wage Order 1-2001 pertaining to rest breaks;

        e.  violations of Labor Code § 2802 pertaining to reimbursement of business expenditures; and

        f.  violations of Labor Code §§ 226, 226.3 and 226.6 regarding accurate, timely itemized wage statements.

109.  The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

110.  The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the putative Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

111.  Business and Professions Code § 17203 provides that a court may make

such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

112.  As a direct and proximate result of the aforementioned acts and practices, Plaintiff and putative Class Members have suffered a loss of money and property, in the form of unpaid wages, which are due and payable.

113.  Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and putative Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated.  Plaintiff and putative Class Members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

114.  Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

115.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from any recovery thereof. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

116.  Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.      Damages and restitution according to proof at trial for all unpaid wages

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Barajas De Botello et al.v. Boral Stone Products, LLC, et al.*

1    and other injuries, as provided by the California Labor Code and
2    California Business and Professions Code;

3    b.    For a declaratory judgment that Defendants have violated the California
4    Labor Code, California law, and public policy as alleged herein;

5    c.    For a declaratory judgment that Defendants have violated California
6    Business and Professions Code §§ 17200 *et seq.*, as a result of the
7    aforementioned violations of the California Labor Code;

8    d.    For preliminary, permanent, and mandatory injunctive relief prohibiting
9    Defendants, their officers, agents, and all those acting in concert with
10   them from committing in the future those violations of law herein
11   alleged;

12   e.    For an equitable accounting to identify, locate, and restore to all current
13   and former employees the wages they are due, with interest thereon;

14   f.    For an order awarding Plaintiff and putative Class Members
15   compensatory damages, including lost wages, earnings, liquidated
16   damages, and other employee benefits, restitution, recovery of all money,
17   actual damages, treble damages, punitive damages, and all other sums of
18   money owed to Plaintiff and putative Class Members, together with
19   interest on these amounts, according to proof;

20   g.    For an award of reasonable attorneys' fees as provided by the California
21   Labor Code, including California Code of Civil Procedure § 1021.5
22   and/or other applicable law;

23   h.    For all costs of suit;

24   i.    For interest as provided by applicable law; and

25   j.    For such other and further relief as this Court deems just and proper.

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Barajas De Botello et al.v. Boral Stone Products, LLC, et al.*

1    Dated: June 29, 2022                    Respectfully submitted,

2

3                                             Carolyn H. Cottrell

4                                             Caroline N. Cohen

5                                             Andrew D. Weaver
                                             Heather G. Fuchs
6                                             SCHNEIDER WALLACE
                                             COTTRELL KONECKY LLP
7

8                                             *Attorneys for Plaintiff and the Putative Class*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: June 29, 2022                    Respectfully submitted,


_____
Carolyn H. Cottrell
Caroline N. Cohen
Andrew D. Weaver
Heather G. Fuchs
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Barajas De Botello et al.v. Boral Stone Products, LLC, et al.*